**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

**HERNAN ZAPATA,**

**Plaintiff**

**CASE NO.**

**v.**

**TRUSSWAY MANUFACTURING, LLC., Foreign Limited Liability Company,**

**Defendant.**
**_________________________________/**

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff HERNAN ZAPATA (hereinafter referred as "Plaintiff"), by and through the undersigned attorney, hereby files this Complaint against TRUSSWAY MANUFACTURING, LLC. (hereinafter referred as "TRUSSWAY" or "Defendant"), and in support of states as follows:

## NATURE OF CASE

This is an action to remedy discrimination pursuant to the provisions of the Americans with Disabilities Act, as amended, ("ADAAA"); interference and retaliation under the Family and Medical Leave Act of 1993 ("FMLA") 29 U.S.C. § 2601, et seq.; as well as for retaliation under Florida's Worker's Compensation Law in violation of § 440.205, Florida Statutes. Plaintiff is seeking damages including back pay, front pay, compensatory damages,

liquidated damages, punitive damages (if permitted to be pled), attorneys' fees and costs, and any other relief to which the Plaintiffs are entitled including but not limited to equitable relief.

## JURISDICTION & VENUE

1. This is an action at law that raises a federal question under federal law.

2. The Court has jurisdiction over this complaint pursuant to 28 U.S.C. §1331 and has subject matter jurisdiction over Plaintiff's state law claims.

3. The Plaintiff's claims arise under the laws of the United States. Venue is proper pursuant to 28 U.S.C. § 1391.

4. Additionally, the events giving rise to this action occurred within this District.

## PARTIES

5. Plaintiff was an employee of Defendant from approximately October 2018 to March 3, 2021.

6. Plaintiff was employed by Defendant in Orlando, Florida.

7. Defendant is a Foreign Limited Liability Company which operates in Orlando, Florida, including the location where Plaintiff was employed.

8. Defendant employs more than fifty (50) employees.

9. Defendant employs more than fifty (50) employees within 75 miles of Sanford, Florida.

10. Plaintiff was an "employee" as defined by the FMLA.

11. Defendant is an "employer" as defined by the FMLA.

12. Plaintiff was an "employee" as defined by the ADAAA.

13. Defendant is an "employer" as defined by the ADAAA.

14. As of the date of his termination, Plaintiff had been employed by Defendants for at least twelve (12) months.

15. As of the date of his termination, Plaintiff had been employed by Defendant for at least 1,250 hours of service during the previous twelve (12) month period.

**ADAAA STATUTORY PREREQUISITES**

16. On February 23, 2021, Plaintiff suffered a severe workplace injury; a disabling medical condition under the ADAAA.

17. Plaintiff was discriminated against based on his disability.

18. Plaintiff is a member of a class of individuals protected by the ADAAA.

19. The Defendant meets the statutory criteria for coverage as an "employer" under the ADAAA.

20. Plaintiff meets the statutory criteria for coverage as an

"employee" under the ADAAA.

21. At all times material to the allegations herein, Plaintiff was qualified for his Machine Operator position with Defendant.

22. Plaintiff timely filed his Charge of Discrimination with the EEOC on August 31, 2021.

23. The EEOC issued a Dismissal and Notice of Rights on September 9, 2021.

24. Therefore, the initial Complaint in this action is being filed within 90 days of Plaintiff receiving his right-to-sue letter.

25. Plaintiff has complied with all other ADAAA requirements and all prerequisites prior to bringing this lawsuit.

## FACTUAL ALLEGATIONS

26. Plaintiff began his employment with Defendant on or about October 4, 2018, as a Machine Operator and remained in that position until his termination.

27. At all times material, Plaintiff performed well while working for Defendant.

28. On February 23, 2021, Plaintiff was injured at work.

29. While attempting to repair a saw that had stopped working, he tripped on some wood and severely cut his forehead on the running saw.

30. He was immediately taken to the hospital for treatment.

31. Plaintiff required 17 stitches to close his wound.

32. The hospital doctor told him to stay out of work for eight days.

33. This doctor also told him to make a follow up appointment on the eighth day.

34. Plaintiff's supervisor contacted him and told him instead make an appointment with a worker's comp doctor of the company and to not see the doctor that treated him at the hospital.

35. He complied and was accompanied by his supervisor to the next doctor's appointment.

36. This second doctor released him to return to work.

37. After this appointment, Plaintiff returned to work with his supervisor.

38. He was then advised that the company had investigated the accident and that he was at fault for his injuries.

39. He was immediately terminated on March 3, 2021.

40. During his termination meeting, Plaintiff was pressured to sign a document (written in English) that he could not read.

41. He was not told what the document said, nor was he ever given a copy.

42. At all times material hereto, Plaintiff suffered a work-related injury that required doctor's appointments and recovery time, all disabling medical conditions under the ADAAA.

43. Plaintiff had been an employee in good standing until the end of his employment.

44. Defendant refused to accommodate Plaintiff.

45. At the time of his termination, Plaintiff was qualified for his position.

46. Additionally, at the time of his termination, Plaintiff was able to perform the essential functions of his job, with or without accommodation.

47. At no time during his employment did Defendant counsel or otherwise discipline Plaintiff for failure to meet his job duties.

48. At the time of his termination, Plaintiff worked for a covered employer as defined by the FMLA.

49. At the time of his termination, Plaintiff was eligible for FMLA leave.

50. Plaintiff's notice for his need for FMLA leave was timely.

51. Defendant was aware that Plaintiff had a serious health condition that qualified for FMLA leave and yet, failed to properly advise Plaintiff of his rights under the FMLA.

52. Defendant's actions constitute interference with Plaintiff's rights under FMLA.

53. Defendant's actions constitute discrimination and retaliation in violation of Plaintiff's rights under the FMLA.

54. Defendant's actions also constitute discrimination in violation of Plaintiff's rights under FMLA.

55. Plaintiff was treated differently than similarly situated non-disabled employees.

56. Defendant discriminated against Plaintiff for taking necessary time off due to his injury.

57. Defendant terminated Plaintiff in retaliation for taking necessary time off due to his injury.

## COUNT I
## INTERFERENCE UNDER THE FMLA

58. Plaintiff re-alleges and adopts the allegations of paragraphs 2, 4-11, 14, 15, 26-41, 43, and 47-57 above as if fully set forth herein.

59. Plaintiff was, at all times relevant, eligible for FMLA-covered leave.

60. Defendant was Plaintiff's employer as defined by the FMLA.

61. Defendant's acts and omissions constitute interference with Plaintiff's rights under the FMLA.

62. As a direct, natural, proximate, and foreseeable result of the actions of Defendant, Plaintiff has suffered injuries for which he is entitled to compensation, including, but not limited to lost wages and benefits, future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary losses.

63. Plaintiff has no plain, adequate, or complete remedy at law for the actions of Defendant, which have caused and continue to cause irreparable harm.

64. Defendant's violations of the FMLA were willful.

65. Plaintiff is entitled to recover attorneys' fees and costs pursuant to 42 U.S.C. § 2617(a)(3).

**WHEREFORE**, Plaintiff prays for a trial by jury and all legal and equitable reliefallowed by law including:

a. Back pay and benefits;

b. Interest on back pay and benefits;

c. Front pay and benefits;

d. Compensatory damages for emotional pain and suffering;

e. Injunctive relief;

f. Prejudgment interest;

g. Costs and attorney's fees; and

h. Such other relief as the Court may deem just and proper.

## COUNT II
## RETALIATION UNDER THE FMLA

66. Plaintiff re-alleges and adopts the allegations of paragraphs 2, 4-11, 14, 15, 26-41, 43, and 47-57 above as if fully set forth herein.

67. Plaintiff was, at all times relevant, eligible for FMLA-covered leave.

68. Defendant was Plaintiff's employer as defined by the FMLA.

69. Defendant discriminated and retaliated against Plaintiff because Defendant knew he was eligible for leave under the FMLA.

70. Defendant discriminated and retaliated against Plaintiff because Plaintiff attempted to exercise his rights under the FMLA

71. Defendant had actual or constructive knowledge of the discriminatory/retaliatory conduct of its representative(s).

72. Defendant's acts and omissions negatively affected one or more terms, conditions, and/or privileges of Plaintiff's employment.

73. Defendant's discriminatory and retaliatory acts and omissions occurred, at least in part, because of Plaintiff's request for FMLA-covered leave.

74. Defendant's conduct violated Plaintiff's right to be free from discrimination and retaliation as guaranteed by the FMLA.

75. As a direct, natural, proximate, and foreseeable result of the actions of Defendant, Plaintiff has suffered injuries for which he is entitled to compensation, including, but not limited to lost wages and benefits, future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary losses.

76. Plaintiff has no plain, adequate, or complete remedy at law for the actions of Defendant, which have caused and continue to cause irreparable harm.

77. Defendant's violations of the FMLA were willful.

78. Plaintiff is entitled to recover his attorneys' fees and costs pursuant to 42 U.S.C. § 2617(a)(3).

**WHEREFORE**, Plaintiff prays for a trial by jury and all legal and equitable reliefallowed by law including:

a. Back pay and benefits;

b. Interest on back pay and benefits;

c. Front pay and benefits;

d. Compensatory damages for emotional pain and suffering;

e. Injunctive relief;

f. Prejudgment interest;

g. Costs and attorney's fees; and

h. Such other relief as the Court may deem just and proper.

## COUNT III
## DISCRIMINATION UNDER THE ADAAA

79. Plaintiff re-alleges and adopts the allegations of paragraphs 1, 2, 4-7, 12, 13, 16-47, and 55-57 above as if fully set forth herein.

80. Plaintiff suffers from a disabling medical condition pursuant to the ADAAA.

81. Plaintiff was discriminated against by the Defendant due to his disability in violation of Federal law.

82. Defendant failed to engage in the interactive process to determine whether any accommodation could be given to Plaintiff without creating an undue hardship to Defendant.

83. Defendant denied Plaintiff reasonable accommodation as required by Federal law.

84. Plaintiff is protected by the ADAAA:

a. Plaintiff was disabled or a "perceived as disabled" employee whosuffered discrimination because of his disability or "perceived disability" by Defendant; and

b. Plaintiff suffered an adverse employment action as a result of his disability or "perceived disability."

85. Defendant was at all material times an "employer" as envisioned and defined by the ADAAA.

86. Plaintiff's medical condition is a protected disability under the ADAAA, as amended. *See* 42 U.S.C. § 12102.

87. Defendant's actions unquestionably constitute disability discrimination in violation of the ADAAA, as amended.

88. By reason of the foregoing, Defendant's actions, and non-actions, affected the "terms, conditions or privileges" of Plaintiff's employment as envisioned by the ADAAA.

89. Alternatively, Defendant perceived Plaintiff as being "disabled," and therefore, unable to perform the essential functions of his position, even though Plaintiff could perform same with a reasonable accommodation.

90. Pleading in the alternative, Plaintiff's impairment did not substantially limita major life activity but was treated by Defendant as if it did.

91. Pleading in the alternative, Plaintiff's medical condition constituted an impairment that limited a major life activity only because of Defendant's attitude toward theimpairment.

92. Defendant does not have a non-discriminatory rationale for denying Plaintiff's accommodation request.

93. Plaintiff was a disabled individual, or otherwise perceived as disabled by Defendant, during their employment. Therefore, he is members of protected classes asenvisioned by the ADA.

94. Plaintiff suffered sufficiently severe and pervasive treatment

because of his disability and/or "perceived disability," and request for accommodation regarding same.

95. The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against disability discrimination under the ADAAA.

96. The discrimination to which Plaintiff was subjected was based on his disability and/or "perceived disability."

97. The conduct of Defendant, its agents, and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

98. The conduct of Defendant was so willful and wanton, and in such reckless disregard of the statutory rights of Plaintiff, as to entitle him to an award of punitive damages against Defendant to deter it, and others, from such conduct in the future.

99. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to the ADAAA.

**WHEREFORE**, Plaintiff prays for a trial by jury and all legal and equitable relief allowed by law including:

a. Back pay and benefits;

b. Interest on back pay and benefits;

c. Front pay and benefits;

d. Compensatory damages for emotional pain and suffering;

e. Injunctive relief;

f. Prejudgment interest;

g. Costs and attorney's fees; and

h. Such other relief as the Court may deem just and proper.

**COUNT IV**
**RETALIATION UNDER THE ADAAA**

100. Plaintiff re-alleges and adopts the allegations of paragraphs 1, 2, 4-7, 12, 13, 16-47, and 55-57 above as if fully set forth herein.

101. Plaintiff suffers from a disabling medical condition pursuant to the ADAAA.

102. Plaintiff was retaliated against by the Defendant due to his injury in violation of Federal law.

103. Defendant failed to engage in the interactive process to determine whether any accommodation could be given to Plaintiff without creating an undue hardship to Defendant.

104. Defendant denied Plaintiff reasonable accommodation as required by Federal law.

105. Defendant terminated Plaintiff because he took necessary time off to recover from his injury.

106. Defendant terminated Plaintiff in violation of the ADAAA.

107. Plaintiff is protected by the ADAAA:

a. Plaintiff was disabled or a "perceived as disabled" employee whosuffered discrimination because of his disability or "perceived disability" by Defendant; and

b. Plaintiff suffered an adverse employment action as a result of his disability or "perceived disability."

108. Defendant was at all material times an "employer" as envisioned and defined by the ADAAA.

109. Plaintiff's medical condition is a protected disability under the ADAAA, as amended. *See* 42 U.S.C. § 12102.

110. Defendant's actions unquestionably constitute retaliation in violation of the ADAAA, as amended.

111. By reason of the foregoing, Defendant's actions, and non-actions, affected the "terms, conditions or privileges" of Plaintiff's employment as envisioned by the ADAAA.

112. Alternatively, Defendant perceived Plaintiff as being "disabled," and therefore, unable to perform the essential functions of his position, even though Plaintiff could perform same with a reasonable accommodation.

113. Pleading in the alternative, Plaintiff's impairment did not substantially limit a major life activity but was treated by Defendant as if it

did.

114. Pleading in the alternative, Plaintiff's medical condition constituted an impairment that limited a major life activity only because of Defendant's attitude toward theimpairment.

115. Defendant does not have a non-discriminatory rationale for terminating the Plaintiff.

116. Plaintiff was a disabled individual or otherwise perceived as disabled by Defendant, during their employment. Therefore, he is a member of protected classes as envisioned by the ADA.

117. The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against disability discrimination under the ADAAA.

118. The retaliation to which Plaintiff was subjected was based on his disability and/or "perceived disability."

119. The conduct of Defendant, its agents, and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mentalanguish, loss of enjoyment of life, and other non-pecuniary losses.

120. The conduct of Defendant was so willful and wanton, and in such reckless disregard of the statutory rights of Plaintiff, as to entitle him to an award of punitive damages against Defendant to deter it, and others, from such

conduct in the future.

121. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to the ADAAA.

**WHEREFORE**, Plaintiff prays for a trial by jury and all legal and equitable reliefallowed by law including:

a. Back pay and benefits;

b. Interest on back pay and benefits;

c. Front pay and benefits;

d. Compensatory damages for emotional pain and suffering;

e. Injunctive relief;

f. Prejudgment interest;

g. Costs and attorney's fees; and

h. Such other relief as the Court may deem just and proper.

**COUNT V:**
**RETALIATION IN VIOLATION OF §440.205, FLORIDA STATUTES**

122. Plaintiff realleges and incorporates all allegations contained within paragraphs 2-7, 26-41, 43, 47, and 55-57 as if fully set forth in this Count.

123. The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against retaliation under the §440.205, Florida Statutes.

124. Plaintiff was discharged by Defendant for making a claim for compensation under the Worker's Compensation Law (Chapter 440, Florida Statutes).

125. The retaliation to which Plaintiff was subjected was based on his injury.

126. The retaliation to which Plaintiff was subjected was based on his claim for compensation Worker's Compensation Law (Chapter 440, Florida Statutes).

127. Defendant did not have a legitimate, non-discriminatory/retaliatory reason for Plaintiff's firing.

128. The conduct of Defendant and its agents and employees proximately, directly, and foreseeably injured Plaintiff, including but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

129. Plaintiff has no plain, adequate, or complete remedy at law for the actions of Defendant which have caused, and continue to cause, irreparable harm.

## REQUEST FOR RELIEF

**WHEREFORE**, Plaintiff prays for a trial by jury and all legal and equitable reliefallowed by law including:

a. A declaration that Defendant violated the aforementioned cause of action;

b. A jury trial and entry of judgment in Plaintiff's favor;

c. Back pay;

d. Front pay;

e. Compensatory damages;

f. Liquidated damages;

g. Attorney's fees and expenses; remove.

h. Prejudgment interests, and, if applicable, post-judgment interest;

i. Any such other and further permanent injunctive, declaratory, legal or equitable relief in any combination to which this Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury of all issues so triable.

Dated this _7th__ of December, 2021.

Respectfully submitted,
s/ Edward W. Wimp
Edward W. Wimp, Esquire – LEAD COUNSEL
FBN: 1015586
Anthony Hall, Esquire
FBN: 0040924
THE LEACH FIRM, P.A.
631 S. Orlando Ave., Suite 300
Winter Park, FL 32789
Telephone: (407) 574-4999
Facsimile: (833) 813-7513
Email: ewimp@theleachfirm.com
Email: ahall@theleachfirm.com
Attorneys for Plaintiff